UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

TREE TOP INDUSTRIES, INC. and
DAVID REICHMAN, individually and
in his corporate capacity as
President of Tree Top Industries, Inc.,

        Plaintiffs,

-v-

DR. STEVEN M. HOEFFLIN, and XYZ
parties as will be revealed in the course of discovery,

        Defendants.
-------------------------------------------------------x



No. 08 Civ. 5604 (LTS)(FM)

### ORDER

        WHEREAS, this action was commenced by the filing of a Complaint on June 20, 2008; and

        WHEREAS, the Court has reviewed such Complaint to ascertain the basis for assertion of subject matter jurisdiction in this court; and

        WHEREAS, such Complaint asserts that the Court has jurisdiction based on diversity of citizenship (28 U.S.C. § 1332), but fails to allege the citizenship of the individual and corporate parties; and

        WHEREAS, for purposes of diversity jurisdiction, "a statement of the parties' residence is insufficient to establish their citizenship," Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc., 87 F.3d 44, 47 (2d Cir. 1996) (citation omitted); see also Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978); Reynolds v. Wohl, 332 F. Supp. 2d 653, 656-57 (S.D.N.Y. 2004); and

        WHEREAS, for purposes of diversity jurisdiction,"a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business," 28 U.S.C. section 1332(c)(1); and

        WHEREAS, "'subject matter jurisdiction is an unwaivable *sine qua non* for the exercise of federal judicial power,'" E.R. Squibb & Sons v. Accident & Cas. Ins. Co., 160 F.3d 925, 929 (2d Cir. 1998) (citation omitted), and Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action;" it is hereby

        ORDERED, that plaintiff shall, no later than ten (10) days from the date of this Order, file and serve a Supplement to the Complaint containing allegations sufficient to demonstrate a basis

for subject matter jurisdiction in this Court or otherwise show cause in writing as to why this case should not be dismissed for lack of subject matter jurisdiction.

Dated: New York, New York
      July 8, 2008

                                              LAURA TAYLOR SWAIN
                                              United States District Judge